Dennis A. Cammarano, Esq.--037242
CAMMARANO LAW GROUP
Attorneys for Plaintiffs,
TWIN-STAR INTERNATIONAL, INC. and
STARR INDEMNITY & LIABILITY COMPANY
555 E. Ocean Blvd., Ste. 501
Long Beach, CA 90802
Tel: 562.495.9501
Fax: 562.495.3674
Email: dcammarano@camlegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TWIN-STAR INTERNATIONAL, INC.; STARR INDEMNITY & LIABILITY COMPANY <br><br> Plaintiff, <br> v. <br><br> MEDITERRANEAN SHIPPING COMPANY S.A.; and DOES 1 through 10, inclusive, <br><br> Defendants | IN ADMIRALTY <br><br> CIVIL ACTION NO. <br><br> **COMPLAINT FOR:** <br><br> 1. **NON-DELIVERY OF CARGO;** <br> 2. **NEGLIGENCE/WILFUL MISCONDUCT** <br> 3. **BREACH OF CONTRACT** <br> 4. **BREACH OF WARRANTY** |

COMES NOW, Plaintiffs, TWIN-STAR INTERNATIONAL, INC. and

STARR INDEMNITY & LIABILITY COMPANY and for causes of action against

MEDITERRANEAN SHIPPING COMPANY S.A. and Does 1 through 10,

inclusive, ("Defendants"), allege as follows:

## JURISDICTIONAL ALLEGATIONS

1. This action involves admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within this court's admiralty and maritime jurisdiction.  As well, this court has jurisdiction as a Federal Question under 28 U.S.C. § 1331, in that the dispute arises under federal law, namely, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 et. seq.

2. Venue is proper in this judicial district as the sea waybill at issue specifies this court in this judicial district as the designated forum for resolution of disputes.

## THE PARTIES

3. TWIN-STAR INTERNATIONAL, INC. ("TWIN-STAR") is a Florida corporation engaged in business of importing and distributing home furnishings including wood cabinets with an address and place of business at 1690 S. Congress Avenue, Ste. 210, Delray, Florida 33445.

4. STARR INDEMNITY & LIABILITY COMPANY (hereinafter "STARR" or "Plaintiff") is an insurance corporation authorized to do business in the State of New York, with an office and place of business at 399 Park Avenue, New York, New York 10022. Starr is the cargo insurer of TWIN-STAR.

5. Plaintiffs bring this action as the owner and insurer of the cargo

described below. Starr also the assignee of Steam Logistics, LLC which is the named consignee under the sea waybill referenced below.

6. Defendant MEDITERRANEAN SHIPPING COMPANY S.A. (hereinafter "MSC" or with Does, "Defendants") is a corporation doing business in this judicial district as a vessel operating common carrier with an office and place of business c/o MEDITERRANEAN SHIPPING COMPANY (USA) INC. at 420, 5th Avenue (at 37th Street) 8th Floor, New York, NY 10018.

7. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants designated herein as DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.

8. Plaintiffs are informed and believe, and thereon allege, that each of Defendants designated herein as a DOE 1 through 10, inclusive, is, in some manner, legally responsible for the events and happenings herein referred to, and when the names and capacities of said Defendants are ascertained, Plaintiffs will seek leave of Court to amend this Complaint to reflect their true names and capacities.

## FIRST CAUSE OF ACTION

(Non-Delivery of Cargo-COGSA)

9. Plaintiff incorporates by reference paragraphs 1 through 8, inclusive,

of this Complaint as fully set forth herein.

10. On December 21, 2020, Defendants, and each of them, accepted a shipment of bar cabinets ("Cargo") to be carried from Ho Chi Minh City, Vietnam to Chicago, Illinois via the Port of Los Angeles, California. The Cargo was housed in containers BMOU4719864 and MEDU7490181 and carried aboard the MAERSK ESSEN Voy. 015N. Defendants received the Cargo in the same good order and condition per in as when received under MSC sea waybill MEDUV0436935.

11. Defendants, and each of them, failed and neglected to handle, transport, forward, monitor and deliver the containerized Cargo and maintain its good order and condition as when received. To the contrary, the Cargo was never delivered.

12. By reason of the foregoing, Plaintiffs have been damaged in the sum of $47,440.80, survey expenses of $1,604.50, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

## SECOND CAUSE OF ACTION

(Negligence/Wilful Misconduct/Unseaworthiness)

13. Plaintiff incorporates by references paragraphs 1 through 8, inclusive, of this Complaint as though fully set forth herein.

14. On December 18, 2020, Defendants and each of them accepted 144

cartons of cabinetry. The cabinetry was to be delivered to Chicago, Illinois. Instead, the Cargo was never delivered.

15.  The loss to the Cargo was directly and proximately caused by the negligence, carelessness and willful misconduct of Defendants, and the unseaworthiness of the vessel engaged to carry the Cargo across the Pacific Ocean.

16.  As a direct and proximate result of such conduct, Plaintiffs have been damaged in the sum of $47,440.80, survey expenses of $1,604.50, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

## THIRD CAUSE OF ACTION

(Breach of Contract)

17.  Plaintiffs incorporates by reference paragraphs 1 through 12, inclusive, of this Complaint as though fully set forth herein.

18.  On or about December 18, 2020, Defendants, and each of them, agreed to safely handle, transport and deliver the Cargo in the same good order and condition as when received.

19.  Defendants, and each of them, materially and substantially breached and deviated from their agreements by failing to deliver the Cargo in the same good order and condition as when received.

20.  As a direct and proximate result of the material breach of, and

deviation from, the agreement by Defendants, Plaintiffs have been damaged in the sum of $47,440.80, survey expenses of $1,604.50, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants.

## FOURTH CAUSE OF ACTION

(Breach of Warranty)

21. Plaintiffs incorporates by reference paragraphs 1 through 17, inclusive, of the Complaint and incorporates them herein as though fully set forth.

22. In loading the Cargo onto a ship, Defendants warranted that they would perform the services in a workmanlike manner using the proper equipment, personnel and business practices.

23. Defendants improperly stowed, loaded, and carried the Cargo, including use of a deficient vessel and stowage improprieties and thus, breached their warranty.

24. As a direct and proximate result of Defendants' breach of warranty, Plaintiffs have been damaged in the sum of $47,440.80, survey expenses of $1,64.50, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For general damages in the sum of $47,440.80, survey expenses of

$1,604.50, plus miscellaneous expenses, interest and costs;

2. For pre-judgment interest from January 16, 2021, at the rate of 5% per annum or as otherwise allowable by the court;

3. For post-judgment interest at the maximum allowable rate;

4. For costs of suit herein; and,

5. For such other and further relief as this court deems just and proper.

Dated: January 14, 2022  CAMMARANO LAW GROUP

By: */S/Dennis A. Cammarano*
    Dennis A. Cammarano
    555 East Ocean Blvd., Suite 501
    Long Beach, California 90802
    Telephone: (562) 495-9501
    Facsimile: (562) 495-3674
    E-mail: dcammarano@camlegal.com
    Attorneys for Plaintiffs,
    TWIN-STAR INTERNATIONAL, INC. and
    STARR INDEMNITY & LIABILITY
    COMPANY

3536 Complaint Against MSC 011422.wpd